IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NIMTZ, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br><br>DELTA AIR LINES, INC.,<br><br>　　　　Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S [32] MOTION TO COMPEL TESTIMONY OF PLAINTIFF KE.S.**<br><br>Case No. 2:24-cv-00099-DAK-CMR<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Cecilia M. Romero |

## I.　　BACKGROUND

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 9). Plaintiffs Denise Marie Nimtz, Joseph Dalton, and Ke.S. (Plaintiffs) filed this action asserting claims against Defendant Delta Airlines (Defendant) arising from the death of minor Plaintiff Ke.S.'s mother (ECF 1-1). Before the court is Defendant's Motion to Compel Deposition Testimony of Plaintiff Ke.S. (Motion) (ECF 32). Plaintiff objects to the deposition of Plaintiff Ke.S. arguing that it "is likely to cause trauma and confusion to Ke.S. and unlikely to yield any meaningful, admissible testimony" (ECF 34 at 2). In its Reply, Defendant argues that reasonable restrictions can be placed to account for these concerns (ECF 38 at 12). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter based on written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court GRANTS the Motion (ECF 32).

## II. LEGAL STANDARDS

"Rule 26(b)(1) of the Federal Rules of Civil Procedure allows for 'discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . .'" *Dutcher v. Bold Films LP*, No. 2:15-CV-110-DB-PMW, 2017 WL 1901418, *1 (D. Utah May 8, 2017) (quoting Fed. R. Civ. P. 26(b)(1)). "'Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant' to a party's claim or defense." *Id.* (quoting *Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991)).

"That said, if the requested discovery is 'unreasonably cumulative or duplicative, or can be obtained from a source that is more convenient, less burdensome, or less expensive,' the court is required to limit the frequency or extent of discovery." *Id.* (quoting Fed. R. Civ. P. 26(b)(2)(C)(i)). "Additionally, '[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,' by 'forbidding the disclosure or discovery . . . .'" *Id.* (quoting Fed. R. Civ. P. 26(c)(1)). The court should also consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

## III. DISCUSSION

The Federal Rules of Civil Procedure "do not explicitly address depositions of minor children." *Edgin on behalf of I.E. v. Blue Valley USD 220*, No. 20-2547-EFM, 2021 WL 1750861, at *1 (D. Kan. May 4, 2021). However, courts "permit a deposition in this circumstance, with

reasonable restrictions." *Id.* at *2 (quoting *Kuyper v. Bd. of Cty. Comm'rs of Weld Cty.*, No. 09-CV-00342-PAB-MEH, 2010 WL 4038831, at *1–2 (D. Colo. Oct. 14, 2010)). Courts have found that the "risk to a child's mental health warrants the placement of reasonable restrictions," including providing additional notice, imposing a time limitation, selecting a location, limiting questioning, and permitting the presence of parents or guardians at the deposition. *See id.* at *2–3 (citing *Gray v. Howlett Lumber Co.*, No. 051645A, 2007 WL 2705748 (Mass. Super. Aug. 9, 2007)); *see also Torres v. United States*, No. 12-CV-0018 MV-RHS, 2014 WL 12791264, at *4 (D.N.M. May 15, 2014). "The party seeking to prevent a deposition must show 'extraordinary circumstances that present a particular and compelling need for such relief.'" *Halley v. State of Oklahoma*, No. 14-CV-562-JHP, 2016 WL 4995393, at *1 (E.D. Okla. Sept. 19, 2016) (quoting *Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003)). "'Conclusory assertions of injury' do not suffice to prevent a deposition." *Id.* (quoting *Bucher v. Richardson*, 160 F.R.D. 88, 92 (N.D. Tex. 1994)).

Here, Defendant asks the court for an order compelling a one-hour deposition of Plaintiff Ke.S. regarding the facts of the incident at issue in this case and how it has impacted Plaintiff Ke.S. (ECF 38). Plaintiffs argue that testimony by Plaintiff Ke.S. would be unreliable due to her young age and because the incident occurred over 3 years ago (ECF 34 at 3). Plaintiffs further argue that the deposition would be confusing, traumatic, and prejudicial to Plaintiff Ke.S. because of questioning regarding painful events and details (*id.* at 4). Plaintiffs contend that expert testimony regarding damages or a deposition of Plaintiff Ke.S. conducted via written questions would avoid these issues with reliability and prejudice (*id.* at 4–5). Defendant responds that Plaintiffs' assertion that Plaintiff Ke.S.'s testimony would be unreliable is insufficient to prevent her deposition (ECF 38 at 9) and that reasonable restrictions in place for the deposition can protect the wellbeing of

Plaintiff Ke.S. (*id.* at 10–12). Defendant agrees to the following restrictions: (1) having Plaintiff Ke.S.'s guardians present during the deposition; (2) conducting the deposition in a location with an environment that is familiar and comfortable for Plaintiff Ke.S.; (3) limiting the deposition to one hour exclusive of all breaks, objections, and unreasonable delays; and (4) limiting questioning of Plaintiff Ke.S. to the facts of this incident and how it has impacted her (*id.* at 12).

Having considered the parties' arguments, the court finds that Plaintiffs have failed to show extraordinary circumstances to justify denying Defendant the ability to depose Plaintiff Ke.S. Courts have rejected the argument that the deposition of a child will not elicit reliable testimony. *See Edgin*, 2021 WL 1750861, at *2 (citing *Bryant by & Through Bryant v. Milhorat*, No. 09-CV-1751 (AKT), 2011 WL 13305291, at *2 (E.D.N.Y. Aug. 22, 2011)). Moreover, Rule 26 allows discovery regarding relevant information even if it may not be admissible, *see* Fed. R. Civ. P. 26(b)(1), and the court notes that concerns regarding admissibility are more properly addressed at trial. Although the court appreciates the difficult, painful circumstances of this case and the need to protect a minor party from unnecessary trauma, the court finds that the restrictions proposed by Defendant reasonably account for Plaintiffs' concerns regarding reliability and prejudice. Because the requested discovery is relevant and proportional to the needs of this case, the court will allow the deposition of Plaintiff Ke.S. with the restrictions below.

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, the court GRANTS the Motion (ECF 32) and ORDERS as follows:

1. The parties shall schedule the deposition of Plaintiff Ke.S. within thirty (30) days from the date of this Order.

2. Plaintiff Ke.S's guardians may be present during the deposition.

3. The deposition shall be limited to one (1) hour, exclusive of all breaks, objections, and unreasonable delays.

4. The questioning in the deposition shall be limited to the facts of the incident at issue in this case and how it has impacted Plaintiff Ke.S.

5. The parties shall meet and confer to determine a location for the deposition with an environment that is familiar and comfortable for Plaintiff Ke.S.

IT IS SO ORDERED.

DATED this 7 April 2025.

_Cecilia M. Romero_
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah